**Jatinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–75626.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 21, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tsz–Hai Huang, Manish Daftari, Rai & Associates, P.C., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Robert F. Adams, U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Jatinder Singh, a native and citizen of India, petitions for review of the denial of asylum, withholding of removal, and pro- tection under the Convention Against Torture. Because it is unclear whether the Board of Immigration Appeals ("BIA") adopted the Immigration Judge's ("IJ") decision, we "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion," and review these determinations for substantial evidence. *Avetova– Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.2000). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the IJ's denial of asylum and withholding of removal. The record contains insufficient evidence to compel the conclusion that the police who detained and beat Singh on two occasions were motivated on account of an imputed political opinion. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir. 2004); *cf. Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir.1995) ("The very language of the BIA's opinion ... concedes that petitioner was 'thought' by the police to be associated with Sikhs seeking a violent overthrow of the government.").

Further, Singh failed to show it was more likely than not that he would be tortured should he return to India, and thus he is not eligible for CAT relief. *See Zhang v. Ashcroft*, 388 F.3d 713, 721–22 (9th Cir.2004).

**PETITION DENIED.**

** This disposition is not appropriate for publi- cation and is not precedent except as provid- ed by 9th Cir. R. 36–3.